# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | | |
|---|---|---|
| ERWIN D. SHIPLEY, Jr., § | | |
| Previous I.D. No. 80450, § | | |
| TDCJ No. 1540298, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | CIVIL ACTION NO. |
| § | | 1:08-CV-0133-BI |
| OFFICER STATTON, *et al.*, § | | ECF |
| § | | |
| Defendants. § | | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff,[1] proceeding *pro se* and *in forma pauperis* filed his complaint under 42 U.S.C. § 1983 on September 30, 2008 (Doc. 1). By order dated October 3, 2008, this case was transferred to the docket of United States Magistrate Judge Philip R. Lane for screening pursuant to 28 U.S.C. §§ 1915 and 1915A (Doc. 5). On October 7, 2008, the court set an evidentiary hearing for December 11, 2008, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915 (Doc. 6). Plaintiff, who had previously been confined to the Taylor County Jail, notified the court that he had been released but would shortly report to the Walker Sayle Unit in Breckenridge, Texas, to complete a rehabilitation program and would thus not be available to attend an evidentiary hearing. The evidentiary hearing was vacated and the court entered an Order to Complete Questionnaire on January 30, 2009 (Doc. 11), pursuant to *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976).

---

[1] In his response to the questionnaire, Plaintiff indicated his current TDCJ-ID number, which is noted in the caption.

Plaintiff filed his response to the questionnaire on February 11, 2009 (Doc. 14). Plaintiff also refused his consent to having the United States Magistrate Judge conduct all further proceedings in this case under 28 U.S.C. § 636(c) and asked that this case be transferred back to the docket of the United States District Judge (Doc. 13).

A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these proceedings. *See Watson*, 525 F.2d at 892 (use of questionnaire to develop the factual basis of the plaintiff's complaint). Pursuant to 28 U.S.C. § 1915A, the court has conducted a review of Plaintiff's complaint as supplemented by his response to the questionnaire. The court has made findings of fact, conclusions of law, and a recommended disposition to the United States District Judge as herein provided.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, as developed by his extensive testimony, Plaintiff alleges that:

1. During all time periods relevant to the claims in his complaint, Plaintiff was confined to the Taylor County Jail. Plaintiff was confined to the Taylor County Jail from March 17, 2008, through November 17, 2008.

2. Plaintiff is currently confined to the Walker Sayle Unit of the Texas Department of Criminal Justice - Institutional Division in Breckenridge, Texas.

3. The Defendants in this case include Officer Statton,[2] Officer Steele, and Nurse Janet, all employees of the Taylor County Jail.

4. On September 12, 2008, Plaintiff was being transported by automobile by Statton and Steele for a court appearance.

---

[2] In the response to the questionnaire, Plaintiff has clarified that "Statton" is the correct spelling of this Defendant's name.

5. Plaintiff asked Statton and Steele to fasten his seat belt. Plaintiff's hands were shackled to his waist, and he was unable to fasten the seat belt himself. Statton told Plaintiff, "Hang on, you'll be okay." Plaintiff was not able to hold on to anything because his hands were shackled to his waist.

6. While the van was moving, Statton hit the brakes. Plaintiff and the seven other inmate passengers were thrown forward. Plaintiff hit his head at the top of the barred window and sustained a bump and a cut to the top of his head.

7. The cut on Plaintiff's head bled.

8. The officers did not allow Plaintiff to clean up before his court appearance.

9. Plaintiff returned to the Taylor County Jail and was placed in a holding cell by Statton. Statton spoke with Nurse Janice. Nurse Janice came to see Plaintiff.

10. Nurse Janice told Plaintiff that he would be fine and did not prescribe any medication or treatment for him. She said that seat belts may cause more injuries than prevent them in car accidents.

11. Approximately seven hours later, Officer Cantu gave Plaintiff some Tylenol after he complained of pain. Plaintiff's head and neck were sore.

12. Plaintiff received a letter from Kathy Halfman on March 10, 2008, and was called to the nurse's office. Halfman examined him and told him that he would see the doctor.

13. Plaintiff later submitted sick call requests but was not prescribed further treatment. Plaintiff is seeking an award of damages.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or

fails to state a claim on which relief may be granted. These provisions thus apply to this prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). A "complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). Under *Ruiz*, "[a]s part of the screening process of prisoner complaints under § 1915A, a trial court is directed to "dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted . . ." *Id*. A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson*, 525 F.2d at 892 (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Plaintiff's arguments and claims in his complaint and his responses to the questionnaire to determine whether Plaintiff's claims present grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

**A.     Deliberate Indifference to Serious Medical Needs**.

Plaintiff claims that the Defendants subjected him to cruel and unusual punishment by failing to provide him with adequate treatment for his serious medical needs. Thus, Plaintiff alleges that the failure of the Defendants to provide him with treatment for the bump and cut sustained on

September 12, 2008, constitutes cruel and unusual punishment in violation of Plaintiff's constitutional rights.

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

It is well settled that the Eighth Amendment to the Constitution protects inmates from "conditions so serious as to deprive [them] of the minimal measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). In the context of medical care, or lack of care, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain or care repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Not every claim of inadequate or improper medical treatment is a violation of the Constitution, however. *Id.* at 105-07. To establish an Eighth Amendment medical claim for cruel and unusual punishment, Plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. A complainant must show that a prison official's state of mind was "one of 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002). Thus, the prison official must "know of and disregard [the] excessive risk to inmate health or safety." *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) (citations and brackets omitted). Moreover, "the facts underlying a claim of 'deliberate indifference' must *clearly evince* the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (citing *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981)). "To violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently

culpable state of mind.'" *Hall*, 190 F.3d at 697 (quoting *Farmer*, 511 U.S. at 834). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id*.

The deliberate indifference requirement is more than mere negligence in failing to supply medical treatment. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). A complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall*, 190 F.3d at 697 (citing *Estelle*, 429 U.S. at 105). Neither "'negligence, neglect or medical malpractice'" gives rise to a § 1983 cause of action. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991) (citing *Johnson,* 759 F.2d at 1238). "[N]egligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action." *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). A negligent or "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle,* 429 U.S. at 105-06. While inadequate treatment "may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999). Thus, mere "negligence is insufficient to support a finding of liability"; the Plaintiff must show that the Defendants were "deliberately indifferent." *Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003).

Deliberate indifference is also more than disagreement between patient and doctor as to the appropriate treatment, except in exceptional circumstances. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ([A]bsent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under § 1983.). Moreover, "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado*, 920 F.2d at 321 (citing *Johnson*, 759 F.2d at 1238); *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir. 1979).

Rather, to show deliberate indifference to his serious medical needs, the Plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson*, 759 F.2d at 1238). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos*, 41 F.3d at 235 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir.1993)).

In his complaint, supplemented by his response to the questionnaire, Plaintiff alleges that he did not see medical personnel until his return to the Taylor County Jail. He alleges that Nurse Janice told him that he would be fine and failed to prescribe any further treatment or medication after seeing him. He alleges that officers gave him Tylenol after he repeatedly complained of pain. His testimony demonstrates that he was seen by Nurse Janice and was given Tylenol by Cantu and that he was seen later after submitting sick call requests. To the extent that Plaintiff alleges that the Taylor County Jail officers and medical personnel were negligent by providing care which did not alleviate his symptoms, allegations of negligence or medical malpractice do not provide the basis for a constitutional civil rights claim. *Varnado,* 920 F.2d at 321; *Johnson*, 759 F.2d at 1238. Plaintiff's allegations do not demonstrate that the Taylor County Jail medical personnel or staff refused to treat him, ignored his complaints, or intentionally treated him incorrectly. *Domino*, 239 F.3d at 756. Plaintiff's disagreement with the type of medical care provided is actionable under § 1983 only if there were exceptional circumstances. *See Varnado*, 920 F.2d at 321. Plaintiff's allegations do not demonstrate that any such circumstances were present. His dissatisfaction with the results of such treatment do not demonstrate deliberate indifference to his serious medical needs. Plaintiff's own testimony demonstrates that he was given Tylenol and was seen by medical personnel. His dissatisfaction and disagreement with the determination not to prescribe medication

or any further treatment does not demonstrate that he was denied treatment. Plaintiff has not demonstrated that the Defendants engaged in any conduct that would clearly evince a wanton disregard for any serious medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Domino*, 239 F.3d at 756. Disagreement with the type of medical treatment ultimately decided upon does not state a claim for Eighth Amendment indifference to serious medical needs. *Stewart*, 174 F.3d at 537 (citing *Norton*, 122 F.3d at 292). The decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107; *Domino*, 239 F.3d at 756. Moreover, the facts as alleged by Plaintiff do not "*clearly evince* the medical need in question and the alleged official dereliction" in his treatment. *Johnson*, 759 F.2d at 1238. Plaintiff has failed to raise a cognizable claim for deliberate indifference to his medical needs.

Plaintiff also alleges that the delay in seeing medical personnel constitutes cruel and unusual punishment. Plaintiff indicated that Statton and Steele did not allow him to clean up and that he saw Nurse Janice upon his return to the Taylor County Jail. Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm. *Mendoza*, 989 F.2d at 195. Plaintiff must also show that the Defendants had a sufficiently culpable state of mind. *Id*. Plaintiff's claims of delay in his medical treatment fail to demonstrate deliberate indifference on the part of any of the Defendants, and his claims fail to demonstrate a substantial harm occasioned by the delay. Plaintiff's allegations, accepted as true, fail to demonstrate any substantial harm caused by any delay in medical treatment. Plaintiff has thus failed to state a cognizable claim for deliberate indifference to his serious medical needs in the form of delay in medical care. Therefore, the court recommends that such claims be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

**B. Deliberate Indifference to Health and Safety**

Plaintiff also alleges that Defendants Statton and Steele were negligent by failing to fasten his seat belt, knowing that his hands were shackled to his waist. He alleges that he asked the officers to put the seat belt on but they did not. He alleges that when he has otherwise been transported to the court by the jail, officers put his seat belt on.

A prison official may violate the Eighth Amendment if he is deliberately indifferent to an inmate's health or safety. *Farmer,* 511 U.S. at 834. In this context, to be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Adames*, 331 F.3d at 512. In other words, the prison official must be subjectively aware of a substantial risk of serious harm to the inmate and fail to protect the inmate from that harm. *Farmer*, 511 U.S. at 839-40. Thus, the "'failure to alleviate a significant risk that [the official] should have perceived, but did not,' is insufficient to show deliberate indifference." *Domino,* 239 F.3d at 756 (quoting *Farmer,* 511 U.S. at 838).

A complainant must show that a prison official's state of mind was "one of 'deliberate indifference' to inmate health or safety." *Farmer,* 511 U.S. at 834. "To violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Hall*, 190 F.3d at 697 (quoting *Farmer*, 511 U.S. at 834). The "applicable *mens rea* of deliberate indifference demands subjective knowledge of a substantial health risk." *Gobert v. Caldwell*, 463 F.3d 339, 348 (5th Cir. 2006). Thus, "[t]he deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it." *Lawson,* 286 F.3d at 262.

A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Gobert*, 463 F.3d at 346 (citing *Farmer*, 511 U.S. at 847); *Reeves v. Collins*,

27 F.3d 174, 176-77 (5th Cir. 1994)). Prison officials must "know of and disregard [the] excessive risk to inmate health or safety." *Hall*, 190 F.3d at 697 (citations and brackets omitted). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id.* (quoting *Farmer*, 511 U.S. at 834).

The deliberate indifference requirement is more than mere negligence. *Gibbs*, 254 F.3d at 549. Mere negligence or neglect does not constitute deliberate indifference. *Fielder*, 590 F.2d at 107. There must be deliberate indifference that results in substantial harm. *Hernadez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008).

Plaintiff's allegations fail to demonstrate that Statton and Steele acted with deliberate indifference to Plaintiff's health and safety. While his allegations may constitute negligence, such negligence is insufficient to state a constitutional claim under § 1983. The court thus recommends that Plaintiff's claims of deliberate indifference to his health and safety be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

**C.     Official Capacity Claims**

Plaintiff has not indicated whether he is suing the Defendants, all officials of the Taylor County Jail, in their official capacities. Insofar as Plaintiff seeks to assert any claims against any official of the Taylor County Jail, in his or her official capacity, Plaintiff must show that such official acted wrongly through either official policy or custom. "Municipal liability under 42 U.S.C. § 1983 requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (citing and quoting from *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)). "Municipal liability cannot be sustained under a theory of *respondeat superior*." *Id.* Rather, the "unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees

will almost never trigger liability." *Id.* (cited in *Rivera,* at 247). Plaintiff's allegations fail to demonstrate an official policy or custom or a violation of constitutional rights whose moving force was a policy or custom. Therefore, the court recommends that any claims against the Taylor County Jail or any Taylor County Jail employee or officer, in his or her official capacity, be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### III. CONCLUSION, RECOMMENDATION, AND TRANSFER

The court has considered Plaintiff's allegations in his complaint, his response to the questionnaire, and the applicable law and recommends that the United States District Judge take the following actions:

1. **DISMISS WITH PREJUDICE AS FRIVOLOUS** Plaintiff's claims against all Defendants that he was subjected to cruel and unusual punishment in the form of deliberate indifference to his serious medical needs while confined to the Taylor County Jail;

2. **DISMISS WITH PREJUDICE AS FRIVOLOUS** Plaintiff's claims against all Defendants for deliberate indifference to his health and safety;

3. **DISMISS WITH PREJUDICE AS FRIVOLOUS** any claims against any of the Defendants in his or her official capacity; and

4. **DISMISS** all Defendants from this case.

**IT IS ORDERED** that any pending non-dispositive motions not otherwise addressed above are **DENIED**.

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1) and Rule 4 of Miscellaneous Order No. 6, For the Northern District of Texas, any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections

within 11 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within 11 days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

**IT IS ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

DATED this 3rd day of March, 2009.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**